UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BARRY ROY** | **CIVIL ACTION NO. 20-0167** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **KEVIN W. COBB, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Barry Roy, a prisoner at Franklin Parish Detention Center ("FPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately February 6, 2020, under 42 U.S.C. § 1983. He names Sheriff Kevin W. Cobb, Warden Chad Lee, and Dramian Crockett as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff raises a host of claims concerning his confinement at FPDC, where he has been since September 3, 2019. [doc. #5, p. 4]. He claims:

° FPDC lacks programs to help offenders establish or rehabilitate themselves "when they get back into society." *Id.*

° Because lockers lack doors and locks, predatory inmates take others' belongings. *Id.* at 5.

° Because correctional officers favor some inmates over others, the disfavored inmates are unable to obtain jobs. *Id.*

° He is only able to "see the yard" twice every three months. *Id.* Inmates are only allowed outside for, at most, thirty minutes. [doc. # 1, p. 4]. Inmates are "in the dorms 23 to 24 hours every day." [doc. # 5, p. 4].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

° He is served cold food in an area with spider webs, dusty vents, and moldy walls. *Id.* Eating cold food "makes it hard for [him] to use the restroom" and causes him pain when uses the restroom. [doc. # 9, p. 2].

° Mold and dust "spreads extensive [sic] around the bed and shower area," causing his skin to "break . . . out" and his head to ache constantly. *Id.* He must "buy antibiotic ointment and ask for medication to stop the headaches." *Id.*

° Warden Lee fails to respond to grievances. [doc. # 5, p. 4].

° When inmates receive legal mail, officers copy the mail, destroy the originals, and give inmates only the copies. [doc. #s 1, p. 4; 5, p. 6].

° FPDC lacks medical care for inmates who have mental health problems. [doc. # 1, p. 3].

° Some inmates must sleep on the floor when there are no available beds. *Id.*

° Inmates "are being stabbed or beaten up by other offenders for their own property." *Id.*

° Inmates who "have found god . . . do not get enough religious freedom" because "they" only have church approximately once or twice every four months. *Id.* at 4.

° He lacks adequate access to the law library, which impacts his attempts to pursue post-conviction relief. [doc. #s 1, p. 4; 5, p. 4]. He adds: "Being restricted from the law library . . . keeps me from raising my argument that my counsel was ineffective when he did not subpoena witnesses which was major in my case." [doc. # 9, p. 2].

Plaintiff alleges that he has endured stress, depression, "pain and suffering," and mental anguish. [doc. #s 5, p. 6; 9, p. 3]. He asks the Court to transfer him to a Department-of-Corrections facility, and he seeks monetary compensation. [doc. # 5, p. 6].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Standing**

Plaintiff lacks standing to pursue the following claims: (1) predatory inmates take others' belongings because lockers lack doors and locks; (2) correctional officers favor some inmates over others, rendering disfavored inmates unable to obtain jobs; (3) FPDC lacks medical care for inmates who have mental health problems; (4) some inmates must sleep on the floor when there are no available beds; (5) some inmates are stabbed or beaten by other inmates;[3] and (6) inmates who "have found god . . . do not get enough religious freedom" because "they" only have church approximately once or twice every four months.

Plaintiff does not allege that these practices or conditions caused him harm or injury. Because he only alleges conjectural risks, he lacks standing. See *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (recognizing that, to have standing, a plaintiff must have suffered an injury in fact that is "actual or imminent, not conjectural or hypothetical[.]") (citations and internal quotation marks omitted).[4]

Moreover, persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one

---

[3] Plaintiff appears concerned, generally, about *his* safety at FPDC, mentioning riots, stabbings, and inadequate security. To the extent he raises a failure-to-protect claim, he does not, as explained below, seek cognizable relief.

[4] See also *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2565 (2019) ("To have standing, a plaintiff must 'present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling.'" (quoting *Davis v. Federal Election Comm'n*, 554 U.S. 724, 733 (2008)); *Thompson v. Scott*, 86 F. App'x 17, 18 (5th Cir. 2004) (holding that, because an inmate alleged no injury from a policy, he had no standing to raise a claim); *Colgrove v. Collins*, 62 F.3d 391 (5th Cir. 1995) (holding that a "speculative claim of injury is insufficient to satisfy Article III's requirements for standing.").

5

may not claim standing in this Court to vindicate the constitutional rights of some third party."). In *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011), for example, the court held that, "to the extent that [the plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners . . . , he lacks standing to bring those claims."); see *Kennedy v. Dallas Police Dep't*, 2007 WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he suffered).[5]

In addition, Plaintiff may not act as counsel for other prisoners. See, e.g., *Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("[I]ndividuals who do not have a law license may not represent other parties even on a next friend basis."). Parties can represent themselves or they can be represented by an attorney; they cannot be represented by a non-lawyer. See *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authority)).

The Court should dismiss these claims.

**3. Request for Transfer**

Plaintiff asks the Court to place him "back into Department of Corrections . . . ." [doc. # 5, p. 6].

A prisoner has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to

---

[5] See also *Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding that the plaintiff "would lack standing to seek § 1983 damages for violations of other prisoners' rights . . . ."); *Doe ex rel. Doe v. Beaumont Indep. Sch. Dist.*, 173 F.3d 274, 281 (5th Cir. 1999), on reh'g en banc sub nom. *Doe v. Beaumont Indep. Sch. Dist.*, 240 F.3d 462 (5th Cir. 2001) ("[W]hen making a determination of standing[,]" trial courts "are exhorted to consider . . . whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.").

another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should dismiss his request for a transfer.

**4. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Apart from seeking transfer, Plaintiff seeks only monetary relief. [doc. #s 1, p. 4; 5, p. 6; 9, p. 3].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil

actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated in FPDC. [doc. # 1-3]. With respect to his remaining claims, he seeks monetary compensation for only mental, emotional, and de-minimis physical injuries he suffered in custody.

Plaintiff alleges that he endured stress, depression, "pain and suffering," and mental anguish. He may not recover monetary relief for these injuries.

The undersigned construes Plaintiff's hackneyed trope, "pain and suffering," as an allegation of, at best, mental or emotional injury unaccompanied by greater-than-de-minimis physical pain. Plaintiff does allege that mold and dust in the facility causes his head to ache constantly and caused an unspecified outbreak on his skin. He is able to purchase antibiotic ointment for his skin, and he asks officials at FPDC for medication to "to stop the headaches." He does not, however, specifically seek compensation for these injuries. To the extent he does, the injuries are de minimis. See *Kossie v. Crain*, 354 F. App'x 82 (5th Cir. 2009) (finding depression, anger, and headaches insufficient for money damages); *Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (holding that a "temporary increase of pain . . . is at most a *de minimis* injury that will not support a claim of mental or emotional suffering.").

Plaintiff also claims that, because officials force him to eat cold food, he endures pain while using the restroom. [doc. # 9, p. 2]. The undersigned construes Plaintiff's injury as constipation. Absent further complications, constipation is no more than a de-minimis injury.[6]

Overall, Plaintiff does not allege that he suffered a more-than-de-minimis physical injury or any other injury compensable by monetary relief. Accordingly, the Court should dismiss Plaintiff's request for compensatory relief. As Plaintiff does not seek any cognizable relief for his remaining claims, the Court should dismiss them.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Barry Roy's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

---

[6] See *Blackwell v. Madison Par. Corr. Ctr.*, 2010 WL 147987, at *9 (W.D. La. Jan. 13, 2010) (recommending dismissal of an inadequate nutrition claim because the plaintiff conclusorily alleged only de minimis injury: headaches, nausea, and vomiting); *Canell v. Multnomah County*, 141 F. Supp. 2d 1046, 1054 (D. Or. 2001) (symptoms related to constipation held insufficient to constitute physical injury under PLRA); *Wiethorn v. Valdez*, 2007 WL 1888400, at *2 (N.D. Tex. June 29, 2007) (holding that constipation, without more, amounted to only de minimis injury); *Jarriet v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (swelling, pain, and cramps are insufficient to establish more than de minimis injury for purposes of § 1997e(e)).

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 7th day of April, 2020.

*[signature]*
Karen L. Hayes
United States Magistrate Judge